UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOCIMA MARIA BARRAGAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>LOUIS DE JOY,<br><br>                                    Defendant. | Case No.:  3:24-cv-1073-JES-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 2, 3]** |

On June 20, 2024, Plaintiff Zocima Maria Barragan ("Plaintiff") filed a complaint, a motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and a motion for appointment of counsel. ECF Nos. 1-3.

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the Court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an

1

3:24-cv-1073-JES-DDL

IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id*. (internal quotations omitted). The facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense … the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, according to her application, Plaintiff has an after-tax monthly income of $3,000, while her expenses are $2,613.22 per month. ECF No. 2 at 2, 5. Plaintiff owns an automobile that is six years old and has $800 in savings. ECF No. 2 at 4-5. Based on the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *See Escobedo*, 787 F.3d at 1234.

Thus, Plaintiff's application to proceed IFP and request for appointment of counsel are **DENIED**. Plaintiff must pay the filing fee no later than **August 16, 2024**, or her complaint will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  July 19, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge