UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOCIMA BARRAGAN,<br><br>                        Plaintiff,<br><br>v.<br><br>DAVID STEINER, in his official capacity as Postmaster General,[1]<br><br>                        Defendant. | Case No.: 3:24-cv-01073-JES-DDL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 35]** |

Before the Court is Defendant David Steiner's ("Defendant") motion to dismiss Plaintiff Zocima Barragan's ("Plaintiff") complaint. ECF No. 35. Plaintiff filed an opposition and Defendant filed a reply. ECF Nos. 36, 37. On July 23, 2025, the Court heard oral argument on the matter. ECF No. 38. For the reasons stated below, the Court **GRANTS** the motion to dismiss without prejudice.

/ / /

---

[1] Plaintiff named Louis DeJoy, who was the Postmaster General when Plaintiff filed her Complaint on June 20, 2024, as a Defendant in this action. *See* ECF No. 1 at 1. Louis DeJoy resigned effective March 25, 2025, and Doug Tulino was appointed as Acting Postmaster General from March 25, 2025, to July 13, 2025. David Steiner was selected as Postmaster General on July 14, 2025.

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a United States Postal Service ("USPS") employee and currently works at the USPS MLS Facility San Diego, CA 92199. ECF No. 1 ("Compl.") at 2. Plaintiff attached a copy of the EEO Final Action and alleges that "[e]very single USPS Management Representative – Supervisors and Managers commit[ed] the penalty of Perjury on a EEO Federal Affidavit." *Id*. Further, Plaintiff alleges that she was stalked by a male employee in February 2024, and assaulted at work by a "handicap male Asian 204B Lam N," after USPS Manager Cherry Ngo yelled at her and ordered the male to harass her. *Id*.

# II. LEGAL STANDARD

## A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

### B. Federal Rule of Civil Procedure 8

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131-23 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count ... adopts the allegations of all preceding counts'" such that "'[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

### III.   DISCUSSION

The complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. which requires a complaint contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, a complaint must allege sufficient facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Here, Plaintiff does not allege any causes of action. She does not allege the violation of any of her constitutional rights or the violation of any federal statute. It is unclear what specific claims Plaintiff is attempting to assert in this case as she does not allege a legal or factual basis or the grounds upon which her claims rest.

Plaintiff makes a reference to perjury in her complaint, and it appears that she may be claiming several management employees at the USPS committed perjury on an EEO Federal Affidavit. Compl. at 2. Perjury is a criminal offense pursuant to the following federal statutes: 18 U.S.C. § 1621, 28 U.S.C. § 1746, and 18 U.S.C. §§ 1001, 1002, 1018. As Defendant correctly notes, Plaintiff does not have standing to enforce criminal laws. *See Fregosi v. Dep't of Health & Hum. Servs.*, No. 3:18-cv-5440-RJB, 2019 WL 2502039, at *5 (W.D. Wash. June 17, 2019) ("To the extent the Plaintiff attempts to make a claim under any of these [perjury] statues, [s]he lacks standing to bring them; there is no private right of action under these criminal statutes.") *See also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.") Plaintiff, as a private citizen, cannot bring a cause of action for perjury.

## IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss the complaint with leave to amend. In the event that Plaintiff elects to file an amended complaint, she must do so within **forty-five (45) days** of this Order. The amended complaint must contain specific causes of action, naming the specific constitutional right and/or federal statute Plaintiff alleges Defendant has violated. Failure to file an amended complaint or comply with this order will result in dismissal of this case.

/ / /

/ / /

1 **IT IS SO ORDERED.**

2 Dated: July 29, 2025

Honorable James E. Simmons Jr.
United States District Judge