UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOCIMA BARRAGAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID STEINER, in his official capacity as Postmaster General,[1]<br><br>                                    Defendant. | Case No.:  3:24-cv-01073-JES-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS; and**<br><br>**(2) DENYING MISCELLANEOUS MOTIONS**<br><br>**[ECF Nos. 46, 55, 56, 58, 63]** |

Before the Court is Defendant David Steiner's ("Defendant") motion to dismiss Plaintiff Zocima Barragan's ("Plaintiff") amended complaint. ECF No. 46 ("Mot."). Plaintiff filed two oppositions, and Defendant filed three reply briefings. ECF Nos. 50, 52, 57, 60, 61. On February 4, 2026, the Court heard oral argument on the matter. ECF No. 62. Plaintiff filed several ancillary motions, a motion for order to request the appearance of

---

[1] Plaintiff named Louis DeJoy, who was the Postmaster General when Plaintiff filed her Complaint on June 20, 2024, as a Defendant in this action. *See* ECF No. 1 at 1. Louis DeJoy resigned effective March 25, 2025, and Doug Tulino was appointed as Acting Postmaster General from March 25, 2025, to July 13, 2025. David Steiner was selected as Postmaster General on July 14, 2025.

1

U.S. Marshal Chief and Chief Judge (ECF No. 55), motions for status update (ECF Nos. 56, 58), and emergency motion to avoid irreparable harm (ECF No. 63). For the reasons stated below, the Court **GRANTS** the motion to dismiss without prejudice and **DENIES** the ancillary motions.

## I.    PLAINTIFF'S ALLEGATIONS

In Plaintiff's original complaint, she avers that she is a United States Postal Service ("USPS") employee that works at the USPS MLS Facility in San Diego, CA. ECF No. 1 at 2. In the amended complaint, Plaintiff alleges that on June 2, 2023, USPS managers Irene Sherwood ("Sherwood") and Cherry Ngo ("Ngo") failed to appear in San Diego Superior Court for a restraining order hearing. ECF No. 44 ("FAC") at 2. On June 2, 2023, after returning to work, Sherwood placed Plaintiff on a fraudulent USPS disciplinary action 16.7 threat to self and others. *Id.* Plaintiff alleges her First Amendment rights were violated when she initially filed a formal complaint of abuse and discrimination that was committed on USPS federal property by USPS management and that she faced retaliation with disciplinary action and fraudulent documentation by USPS senior management. *Id.* at 3. Plaintiff alleges Defendants gathered "as many falsified statement as possible from friends and relatives at work to defame the plaintiff on USPS Federal Property." *Id.* Additionally Plaintiff alleges she was stalked by a male employee after work, "most likely sent by Sherwood or Ngo." *Id.* at 4. Plaintiff also alleges that her First Amendment right to freedom of speech was violated when she was vocal about her vehicle being vandalized on USPS property. *Id.*

Additionally, Plaintiff alleges her Fourth Amendment right was violated when Defendant violated her "invasion of privacy," by wiretapping her personal cell phone and personal laptop. *Id.* at 5. Plaintiff alleges that USPS Postal Inspection Services tried to intimidate her instead of apprehending the management representatives who caused her harm. *Id.* Further, Plaintiff alleges that Defendants made false statements about her knowing the statements were false and would lead to misrepresentation during her EEO investigation. *Id.* at 6. The defendants "willfully and knowingly sign and date the EEO

Affidavit under the Declaration of Perjury line that they were not aware of any of my claims." *Id.* Plaintiff alleges that USPS emails clearly showed that defendants were aware and intended to lie and hide their actions and direct harm during the EEO investigation. *Id.* at 7. Further, Plaintiff alleges that she was granted the right to sue in federal district court by EEO Judge Connie Liem. *Id.* Plaintiff alleges that she suffered pain and suffering leading to hospitalization due to stress colitis and stress muscular tension, possible nerve damage and permanent psychological trauma as a result of defendants' harassment and retaliation. *Id.* Plaintiff brings three causes of action: (1) fraud, (2) negligence, and (3) tort.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and thus have an obligation to dismiss claims for which they lack subject matter jurisdiction. *Demarest v. U.S.*, 718 F.2d 964, 965-66 (9th Cir. 1983). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A party may challenge a complaint under FRCP 12(b)(1) for lack of subject matter jurisdiction. Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction by asserting a facial or factual challenge. Fed. R. Civ. P. 12(b)(1); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the moving party asserts a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.*

Where the moving party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Meyer*, 373 F.3d at 1039. In such a challenge, the court considers the complaint's allegations to be true and draws all reasonable inferences in the plaintiff's favor. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

//

3:24-cv-01073-JES-DDL

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

**III.    DISCUSSION**

Defendant moves to dismiss Plaintiff's fraud claim on immunity grounds. Mot. at 4. Defendant moves to dismiss the negligence and tort claims for lack of subject matter jurisdiction arguing that Plaintiff has failed to file an administrative claim with the relevant federal agency prior to filing suit. *Id.* at 4-5. Plaintiff filed two oppositions and does not address either of Defendant's arguments for dismissal. *See generally* ECF Nos. 50, 60.

### A.    Sovereign Immunity

The Federal Tort Claims Act ("FTCA") enables private citizens to bring tort claims against the United States for the negligent performance of governmental functions. In general, the United States enjoys sovereign immunity, which means that it cannot be sued "unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The United States has not waived its sovereign immunity with respect to fraud and misrepresentation claims. *See Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151-52 (9th Cir. 2003); *see also Turner v. United States Postal Serv.*, No. 219CV1029KJMKJNPS, 2019 WL 3216894, *2 (E.D. Cal. July 17, 2019) (dismissing fraud claim against the Postal Service because "Plaintiff's claim of wrongful conduct against the USPS falls within the provisions of the Federal Tort Claims Act."). Therefore, the Court **GRANTS** the motion to dismiss the fraud claim without leave to amend as amendment would be futile.

### B.    Subject Matter Jurisdiction

While the FTCA contains a mechanism by which Plaintiff could potentially sue the United States for negligence or another tort, the FTCA includes a requirement that Plaintiff file an administrative claim with the relevant agency prior to filing suit in district court. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Failure to comply with this requirement renders any tort claim against the United States legally infirm. *See Brady v. U.S.*, 211 F.3d 499, 502 (9th Cir. 2000).

Defendant makes a facial challenge and argues that the court lacks jurisdiction to hear the negligence and tort claim, because Plaintiff has not alleged that she filed an administrative claim with the relevant agency prior to filing suit in district court. *See* Mot. at 4-5; 28 U.S.C. § 2675(a). The FAC does not plead that Plaintiff filed an administrative

claim pursuant to the FTCA prior to filing this action. *See generally* FAC. Further, at oral argument, Plaintiff admitted that she had not filed an FTCA administrative claim prior to filing this action. Therefore, the Court lacks jurisdiction to hear the negligence and tort claims. *See Brady*, 211 F.3d at 502. The Court **GRANTS** the motion to dismiss the negligence and tort claims without leave to amend as amendment would be futile.

### C.    Miscellaneous Motions

Plaintiff has filed several motions, a Motion for Order to Request the Appearance of U.S. Marshal Chief and Master Federal Judge (ECF No. 55), Motion for Status Update (ECF No. 56), Motion for Status Update (ECF No. 58), and Emergency motion (ECF No. 63). In the motions, Plaintiff alleges a vehicle tampering incident by an "undercover agent" presumably at the employment of the USPS that she reported to the San Diego Police Department and a hit and run collision in which her vehicle was damaged. ECF Nos. 55, 56 at 2, 58. She attached photos to the Motions for Status Updates. *See generally* ECF Nos. 56, 58. Those incidents are not alleged as causes of action in this case and the Court has no jurisdiction to address them in this case. In the Emergency Motion, Plaintiff addresses it to the Ninth Circuit after the oral argument on February 4, 2026, in which the Court gave a tentative ruling that it would dismiss the three causes of action alleged. ECF No. 63. The Court interprets these motions as a request for appointed counsel, which the Court has previously denied and continues to deny for the same reasons previously stated in ECF No. 10. Further, the Court interprets the Emergency Motion as an attempt to seek appellate review of the Court's tentative ruling of dismissal discussed at oral argument. Since, the Court had not formally entered an order dismissing the claims alleged in the FAC, the attempt to seek appellate review is premature. Each of the aforementioned miscellaneous motions are **DENIED**.

### IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss the fraud, negligence and tort claims without leave to amend. At oral argument, Plaintiff indicated that she filed an administrative claim with the Equal Opportunity Commission

and received a right to sue letter and could file a cause of action for employment discrimination. The Court grants Plaintiff one final opportunity to file an amended complaint to allege an employment discrimination cause of action. In the event that Plaintiff elects to file an amended complaint, she must do so within **thirty (30) days** of this Order. Any amended complaint must be complete in itself, without reference to any prior complaints. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). The Court cautions Plaintiff that failure to file an amended complaint will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

Honorable James E. Simmons Jr.
United States District Judge